IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

In re:

    Angela Ward Hyman,

              Debtor.

Case Number: 23-14668
Chapter 13

**DEBTOR'S MOTION FOR ORDER AUTHORIZING SALE OF CERTAIN REAL PROPERTY OF THE DEBTOR FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS AND GRANTING RELATED RELIEF**

NOW COMES Angela Ward Hyman, debtor, by undersigned counsel, hereby files this Motion for an Order Authorizing Sale of Certain Real Property of the Debtor Free and Clear of Liens, Claims, Encumbrances and Other Interests and Granting Related Relief (the "Sale Motion"). In support thereof, the Debtor states as follows:

**JURISDICTION, VENUE AND PROCEDURAL BACKGROUND**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On July 3, 2023, (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

3. Brian A Tucci is the Chapter 13 Trustee.

4. The statutory predicates for the relief requested herein are Section 363 of the Bankruptcy Code and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**RELIEF REQUESTED**

5. By this Motion, the Debtor requests authority pursuant to 11 U.S.C. Section 363 to sell real property.

6. The Debtor owns certain real property generally known as 115 Theodora Court, Forest Hill Maryland 21050 (the "Real Property"). Debtor owns the Property as Tenants by The Entireties with her spouse. A copy of the deed to this property is attached hereto as Exhibit "A".

7. The Debtor has not obtained an independent appraisal of the Real Property. However, an online valuation from www.zillow.com reflects a value of $770,000. See Exhibit "B".

**U.S. Bank Trust National Association Secured Interest in the Collateral**

8. The Real Property is encumbered by a Purchase Money Deed of Trust recorded amongst the land records of Harford County, Maryland. The Deed of Trust and its assignment are attached hereto as Exhibit "C". According to a recent statement, the Debtor owes $262,935.56. See Exhibit "D".

**First Horizon Bank Secured Interest in the Collateral**

9. The Real Property is encumbered by a second Purchase Money Deed of Trust recorded amongst the land records of Harford County, Maryland. The Deed of Trust and its assignment are attached hereto as Exhibit "E". According to a recent statement, the Debtor owes $32,688. See Exhibit "F".

10. There are no other liens or encumbrances against the Real Property.

**THE SALE**

11. The Debtor has agreed to sell all of her right, title and interest in the Real Property to Shafqat H. Siddiqui and Asad S. Siddiqui ("Purchasers") for a purchase price of $770,000

(the "Purchase Price") pursuant to the terms and conditions of a Residential Contract of Sale, dated June 3, 2025, by and between the Debtor and Purchaser (the "Sale Agreement"). A true and correct copy of the Sale Agreement is attached hereto as Exhibit "G."

12. No auction has been contemplated and there is no provision to accept competitive bids.

13. The Purchasers have made a deposit in the amount of $7,700.00.

14. The proposed sale is scheduled to close on or before August 18, 2025.

15. The proposed sale of the Real Property to the Purchasers is subject to Bankruptcy Court approval.

16. The Debtor believes that the proposed sale is in the best interest of the Debtor because the sale proceeds will pay off all secured liens and all of debtor's unsecured claims in full, 100%.

17. The Debtor represents that the Purchase Price set forth in the Residential Contract of Sale and this Motion is fair and reasonable, and the proposed sale of the Real Property to the Purchasers pursuant to the Sale Agreement is in the best interest of the Debtor and her bankruptcy estate.

**RELIEF REQUESTED**

18. The Debtor seeks authority to sell the Real Property to the Purchaser pursuant to the Sale Agreement free and clear of all liens, claims, encumbrances, with all liens, claims and encumbrances existing against the Real Property. The liens of US Bank Trust National Association and first Horizon attach as priority liens against all proceeds arising from the sale of the Real Property to the Purchasers.

19. The Debtor requests an Order permitting her to sell the Property pursuant to the terms of the Sales Agreement. Bankruptcy Code section 363(b)(1) provides, "The trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property

of the estate. . . ." Court approval of the use of estate assets outside of the ordinary course of business is appropriate if the court finds that the transaction represents a reasonable business judgment by the Debtor. Courts typically apply an "articulated business judgment standard. See, e.g., Institutional Creditors of Continental Air Lines, Inc. v. Continental Air Lines, Inc. (In re Continental Air Lines, Inc.), 780 F.2d 1223, 1226 (5th Cir. 1986) (citing Committee of Equity Holders v. Lionel (In re Lionel), 722 F.2d 1063, 1070-71 (2d Cir. 1983)); GBL Holding Co. v. Blackburn/Travis/Cole, Ltd. (In re State Park Building Group, Ltd.), 331 B.R. 251, 254 (N.D. Tex. 2005); In re Wilde Horse Enters., 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991). Section 363 does not require that the court substitute its business judgment for that of the Debtor. See, e.g., In re Ionosphere Clubs, Inc., 100 B.R. 670, 676 (Bankr. S.D.N.Y. 1989) (court will not substitute a hostile witness' business judgment for Debtor's unless testimony "established that [the Debtor] has failed to articulate a sound business justification for its chosen course"). This Court should determine whether the Debtor has articulated a valid business justification for the proposed transaction. See, e.g., Lewis v. Anderson, 615 F.2d 778 (9th Cir. 1979), cert. denied, 449 U.S. 869, 101 S. Ct. 206 (1980). This is consistent with "the broad authority to operate the business of the Debtor . . . [which] indicates Congressional intent to limit court involvement in business decisions by a trustee . . . [so that] a court may not interfere with a reasonable business decision made in good faith by a trustee." In re Airlift Int'l, Inc., 18 B.R. 787, Case 19-13440 Doc 12 Filed 03/21/19 Page 4 of 7 789 (Bankr. S.D. Fla. 1982).

20. Moreover, a debtor may sell free and clear of all liens encumbrances or any other such interest in the property to be sold if: (a) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (b) such entities consent; (c) such interest is a lien

and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (d) such interest is in bona fide dispute; or (e) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. 11 U.S.C. § 363(f).

21. In the exercise of her business judgment, the Debtor believes that this Court should approve the sale of the Real Property. The Debtor has considered all alternatives and has determined that the immediate sale of the Real Property to the Purchasers is in the best interest of all parties.

22. The proposed sale of the Real Property to the Purchasers pursuant to the Residential Contract of Sale and the terms set forth in this Motion should be approved under 11 U.S.C. § 363 of the Bankruptcy Code.

## LIMITED TERMINATION OF AUTOMATIC STAY

23. The Debtor requests that the automatic stay of Section 362 of the Bankruptcy Code be terminated solely to the extent necessary (a) to permit all proceeds arising from the sale of the Real Property to the Purchaser, simultaneously with the closing to be held in connection with such sale, and (b) to otherwise permit the Debtor, Rocket Mortgage and the Purchaser to implement the terms of the Sale Order appended hereto and the Residential Contract of Sale, as appropriate.

## WAIVER OF 14 DAY STAY

24. The Debtor requests that the Court waive the 14 day stay mandated by Rule 6004(h) of the Bankruptcy Rules.

## NO PRIOR REQUEST

25. No prior request for the relief sought in this Motion has been made to this or any other Court.

## NOTICE

26. Notice of this Motion has been given to the following parties or to their counsel if known: (i) the Chapter 13 Trustee; (ii) counsel to the Debtor's secured lenders, if known; (iii) all parties that requested service of pleadings pursuant to Bankruptcy Rule 2002; (iv) all parties to the mailing matrix; (v) all parties requesting notice and (vi) and the co-owner of Real Property. The Debtor submits that this Notice is sufficient.

## NO ADDITIONAL MEMORANDUM

27. Pursuant to Rule 9013-2 of the Local Rules, the Debtor states that, in lieu of submitting a memorandum in support of this Motion, they will rely solely upon the grounds and authorities set forth herein.

## RELIEF REQUESTED

WHEREFORE, Angela Ward Hyman, debtor/movant respectfully requests:

    A.    The Court approve the Debtor's proposed sale of the Real Property to the Purchasers on the terms set forth in the Residential Contract of Sale and this Motion;

    B.    The Court enter an Order, submitted by the Debtor, in the absence of any timely filed objection to the sale motion, which authorizes the Debtor to sell the Real Property pursuant to the terms of this Motion and 11 U.S.C. §§ 363(b), (f), (h), (m) and Fed. R. Bankr. P. 6004 and waives the stay of the order approving the sale under Fed. R. Bankr. P. 6004(h) ("Sale Order");

    C.    The Order be effective immediately upon entry pursuant to Bankruptcy Rules 7062 and 9014, and no automatic stay of execution, pursuant to

Rule 62(a) of the Federal Rules of Civil Procedure or Bankruptcy Rule 6004(h) shall apply with respect to this Order.

  D. That the Court grant such other relief that the Court deems just and proper.

              /s/ Sonila Isak Wintz
              Sonila Isak Wintz (29803)
              The Isak Law Firm, LLC
              306 N Main Street
              Bel Air, MD 21014
              TEL (443) 854-6666
              FAX (443) 203-4517
              sonila@isaklaw.com
              *Attorney for Debtor*